**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

LATISHA POLLARD

    Plaintiff,

v.

HERITAGE PROPERTY CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, LATISHA POLLARD ("Plaintiff"), pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq. ("the FMLA"), files her Complaint for Damages and Demand for Jury Trial against Defendant, HERITAGE PROPERTY CASUALTY INSURANCE COMPANY, ("Defendant"), and alleges as follows:

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Defendant is a Florida corporation with its registered principal business address at 310 Brunson Blvd., 102, Cocoa, Florida 32922.

3. At all times material hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) attempted to take leave to take care of her mother who had a serious health condition as that term is defined under the FMLA; and (b) was employed by Defendant

for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to exercising her right to FMLA leave.

4. At all times material hereto, Defendant employed 50 or more employees within 75 miles of Plaintiff's work location in Broward County, Florida.

## JURISDICTION AND VENUE

5. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, within the jurisdiction of this Honorable Court.

6. Jurisdiction is proper within the Southern District of Florida pursuant to 28 U.S.C. §§ 1331 and 1337.

7. Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff worked for Defendant as a Legal Assistant from approximately March 23, 2020 until her unlawful termination on March 30, 2021.

9. At all times material hereto, Plaintiff performed her job competently and was qualified for her job position.

10. On or around March 27, 2021, Plaintiff's elderly mother received the Moderna COVID-19 vaccine.

11. Because Plaintiff's mother experienced severe and acute pain from the Moderna COVID-19 vaccine, Plaintiff needed to rush her to the hospital on March 28, 2021.

12. That same day, Plaintiff contacted Defendant's human resources department to advise Defendant of the reason for her absence. Plaintiff also requested FMLA to take care of her mother during and after the hospitalization.

13. Plaintiff's mother was discharged on March 28, 2021. However, Plaintiff needed to rush her mother back to the hospital on March 29, 2021 because she experienced new and unforeseen side effects from the Moderna COVID-19 vaccine, including but not limited to shortness of breath.

14. On March 29, 2021, Defendant's human resources department told Plaintiff that she was qualified for FMLA leave to take care of her mother and e-mailed her FMLA documentation to complete.

15. The FMLA paperwork that Defendant provided Plaintiff indicated that her leave commenced on March 29, 2021 and that she needed to fill out and return the paperwork by April 13, 2021.

16. However, the very next day, on March 30, 2021, Defendant terminated Plaintiff for no valid reason whatsoever.

17. Plaintiff fully complied with her obligation to provide Defendant with timely notice of her need for FMLA leave to care for her mother. Accordingly, Plaintiff was entitled to the full protection of the FMLA, including restoration to her position upon returning from leave and protection from retaliation.

18. The temporal proximity of Plaintiff's request for FMLA leave and her termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise her FMLA rights.

19. As a result of Defendant's illegal termination of Plaintiff, she suffered damages, including loss of her opportunity to earn employment wages, benefits, and other remuneration to which she was entitled.

20. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for seeking FMLA leave.

21. Defendant's FMLA retaliation against Plaintiff was intentional and/or purposeful.

22. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

23. Plaintiff has attempted to mitigate her damages.

## COUNT I – UNLAWFUL INTERFERENCE UNDER THE FMLA

24. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 23 above.

25. At all times relevant hereto, Plaintiff was protected by the FMLA.

26. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA protected leave.

27. As a result of Defendant's intentional, willful and unlawful interference with Plaintiff's protected FMLA leave, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, LATISHA POLLARD, demands judgment against Defendant, HERITAGE PROPERTY CASUALTY INSURANCE COMPANY, and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages and lost benefits provided for under the FMLA, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – UNLAWFUL RETALIATION UNDER THE FMLA

29. Plaintiff hereby re-incorporates and re-alleges the allegations set forth within Paragraphs 1 through 23 above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

32. Defendant retaliated against Plaintiff when Defendant terminated Plaintiff for missing work when she needed to rush her mother to the hospital because of a serious health condition, as that term is defined by the FMLA.

33. Defendant terminated Plaintiff less than 24-hours after she was given FMLA paperwork and advised that she was qualified for FMLA leave.

34. Defendant does not have a lawful reason for terminating Plaintiff, and any alleged lawful reason Defendant furnishes for Plaintiff's termination is pretextual and false.

35. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her right to take leave pursuant to the FMLA.

36. As a result of Defendant's intentional, willful and unlawful retaliation against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, LATISHA POLLARD, demands judgment against Defendant, HERITAGE PROPERTY CASUALTY INSURANCE COMPANY, and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages and lost benefits provided for under the FMLA, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, LATISHA POLLARD, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 6th day of April 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTIEN, ESQUIRE
Florida Bar No. 1017746
*jordan@jordanrichardspllc.com*
*melissa@jordanrichardspllc.com*
*jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF April 6, 2021.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**